Victoria L. Nelson, Esq. (SBN 5436)
Email: vnelson@nevadafirm.com
Jacob L. Houmand, Esq. (SBN 12781)
Email: jhoumand@nevadafirm.com
COTTON, DRIGGS, WALCH,
HOLLEY, WOLOSON & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/791-0308
Facsimile:    702/791-1912

*Electronically Filed On*
*March 14, 2013*

*Attorneys for Shelley D. Krohn, Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>WILLIAM WALTER PLISE,<br>AKA BILL PLISE<br><br>Debtor. | Case No. BK-S-12-14724-LBR<br>Chapter 7<br><br>Adv. No. |
| SHELLEY D. KROHN, CHAPTER 7<br>TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>MARILYN PLISE, an Individual; 5550 LAS<br>VEGAS, LLC, a Nevada Limited Liability<br>Company; DOE individuals 1-10; and ROE<br>corporations 1-10,<br><br>Defendants. | **COMPLAINT FOR (1) ALTER EGO; (2) AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 544; (3) AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548; (4) RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 550; (5) TURNOVER OF ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542;**<br><br>Judge: Hon. Linda B. Riegle |

Plaintiff Shelley D. Krohn, the court-appointed Chapter 7 Trustee in the above-referenced

matter (referred to herein as "Plaintiff" or "Trustee"), by and through her counsel, Victoria L.

Nelson, Esq. and Jacob L. Houmand, Esq. of the law firm of Cotton, Driggs, Walch, Holley,

Woloson & Thompson, complains and alleges as follows against Marilyn Plise, 5550 Las Vegas,

LLC, Doe individuals 1-10, and Roe corporations 1-10 (the foregoing named Defendants shall be

collectively referred to as the Defendants")[1] and alleges the following on information and belief:

---

[1] In compliance with Fed. R. Bankr. P. 7020 regarding joinder of multiple parties in a single action, the
09648-01.006/1037937

## I.    **JURISDICTIONAL ALLEGATIONS**

1.    This is an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure 7001.

2.    This adversary proceeding arises out of and is related to the above-captioned Chapter 7 case before the United States Bankruptcy Court (the "Bankruptcy Case"). This Court has jurisdiction in the instant adversary proceeding pursuant to 28 U.S.C. §1334 and because the issues raised by this action arise under sections 105, 502(d), and 544 of the Bankruptcy Code and relate to the Bankruptcy Case.

3.    Venue is proper under 28 U.S.C. § 1409.

4.    This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). If this adversary proceeding is determined to be "noncore," Plaintiff consents to the entry of final orders or judgments by the bankruptcy judge.

## II.    **PARTIES**

5.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 4 of the Complaint as though full set forth herein.

6.    Plaintiff was appointed as the Chapter 7 Trustee in the above-captioned Bankruptcy Case on or about April 23, 2012, and has acted in that capacity since her appointment.

7.    Upon information and belief, Marilyn Plise ("Plise"), is an individual currently residing in Clark County, Nevada.

8.    Upon information and belief, 5550 Las Vegas, LLC ("5550 Las Vegas") is a Nevada Limited Liability Company which is managed by William Walter Plise.

9.    The true names, identities or capacities, whether individual, corporate, political, associate or otherwise of any Doe and Roe Defendants are unknown to Plaintiff. Plaintiff therefore sues and Doe and Roe Defendants by fictitious names. Plaintiff is informed and does believe, and thereupon alleges, that: each of the Doe and Roe Defendants is responsible in some

———————————————————— (continued)
claims asserted against the named Defendants arise out of the same series of transactions and involve common issues of fact and law.

09648-01.006/1037937

-2-

1  manner for the acts, actions and omissions herein referred to; each of the Doe and Roe

2  Defendants has proximately caused general and special damages to Plaintiff as herein alleged;

3  and Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and

4  capacities of any said Doe and Roe Defendants when the same have been ascertained by

5  Plaintiff, together with appropriate charging allegations.

6          III.    **GENERAL ALLEGATIONS COMMON TO ALL DEFENDANTS AND ALL CLAIMS FOR RELIEF**

7

8          10.    Plaintiff repeats, realleges, and incorporates by reference each and every

9  allegation contained in paragraphs 1 through 9 of the Complaint as though full set forth herein.

10  **THE DEBTOR'S FAILURE TO IGNORE THE CORPORATE FORMALITIES OF 5550 LAS VEGAS**

11         11.    On or about February 23, 2009, Articles of Organization were filed with the

12  Nevada Secretary of State for 5550 Las Vegas.

13         12.    Upon information and belief, the Debtor is the sole member of 5550 Las Vegas.

14         13.    On or about February 27, 2009, the Debtor opened a bank account in the name of

15  5550 Las Vegas with Service First Bank of Nevada ("Service First").  The Debtor was the only

16  individual that had signatory authority for the 5550 Las Vegas bank account with Service First.

17         14.    Upon information and belief, the only bank account for 5550 Las Vegas was

18  located at Service First.

19         15.    Upon information and belief, 5550 Las Vegas conducted no business activities

20  and only served as an account through which the Debtor paid his personal expenses and would

21  "cash out" funds from the bank account.

22  **FRAUDULENT TRANSFERS TO PLISE**

23         16.    On March 10, 2011, William Walter Plise (the "Debtor") transferred

24  approximately twelve thousand dollars ($12,000.00) to Plise through 5550 Las Vegas' bank

25  account at Service First (the "5550 Las Vegas Transfer").

26  ...

27  ...

28  09648-01.006/1037937

## IV.   FIRST CLAIM FOR RELIEF

### (Alter Ego Against 5550 Las Vegas, LLC)

17.   Plaintiff incorporates and realleges paragraphs 1 through 16, as though fully set forth herein.

18.   5550 Las Vegas is the alter-ego of the Debtor.

19.   5550 Las Vegas is influenced and governed by the Debtor.

20.   There is such a unity of interest and ownership that 5550 Las Vegas are inseparable from the Debtor.

21.   The Debtor has co-mingled the funds in the account of 5550 Las Vegas with those of his own funds.

22.   The Debtor has ignored the corporate formalities of 5550 Las Vegas.

23.   The Debtor has severely undercapitalized 5550 Las Vegas and has channeled any and all of the assets of 5550 Las Vegas to his personal accounts.

24.   Under the facts and circumstances of this case, adherence to the fiction of a separate entity would promote injustice.

25.   It has been necessary for Plaintiff to retain counsel to bring this action and Plaintiff is entitled to legal fees and costs.  In addition, upon information and belief, creditors have incurred legal fees and costs in assistance with the trustee's efforts, and, to the extent that these fees and costs are awarded an administrative priority, Plaintiff is entitled to these fees and costs from all defendants.

26.   Plaintiff believes that the Defendants have engaged in additional fraudulent transfers and reserves the right to supplement this Complaint to plead additional claims for relief.

…

…

…

…

…

09648-01.006/1037937

## V.    SECOND CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. § 544(b) and
N.R.S. Chapter 112 Against Plise )**

27.    Plaintiff incorporates and realleges paragraphs 1 through 26, as though fully set forth herein.

28.    The 5550 Las Vegas Transfer constitutes a transfer within the meaning of 11 U.S.C. §101(54).

29.    At the time of the filing of the petition, a creditor in being held an allowable unsecured claim under 11 U.S.C. § 502 or that is not allowable only under 11 U.S.C. § 502 (e).

30.    The 5550 Las Vegas Transfer constitutes a transfer of property by the debtor or obligations incurred by the debtor that are voidable by that kind of creditor described in 11 U.S.C. § 544 (a)(1); that kind of creditor described in 11 U.S.C. § 544 (a)(2); or that bona fide purchaser described in 11 U.S.C. § 544 (a)(3).

31.    Under applicable Nevada law, the 5550 Las Vegas Transfer constitutes the transfer of an interest of the debtor in property, or an obligation incurred by the debtor, during the relevant statutory period, and (A) made the transfer or incurred the obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation, or (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or  (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

32.    Plaintiff is entitled to avoid and recover for the bankruptcy estate the 5550 Las Vegas Transfer as would a hypothetical lien creditor pursuant to the bankruptcy code.

09648-01.006/1037937

33. The 5550 Las Vegas Transfer was made within four years of the bringing of this cause of action.

34. The 5550 Las Vegas Transfer is avoidable and can be recovered by Plaintiff pursuant to 11 U.S.C. § 544(b) and N.R.S. Chapter 112.

35. It has been necessary for Plaintiff to retain counsel to bring this action and Plaintiff is entitled to legal fees and costs. In addition, upon information and belief, creditors have incurred legal fees and costs in assistance with the trustee's efforts, and, to the extent that these fees and costs are awarded an administrative priority, Plaintiff is entitled to these fees and costs from all defendants.

36. Plaintiff believes that the Defendants have engaged in additional fraudulent transfers and reserves the right to supplement this Complaint to plead additional claims for relief.

## VI. THIRD CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. § 548 Against Plise)**

37. Plaintiff incorporates and realleges paragraphs 1 through 36, as though fully set forth herein.

38. The 5550 Las Vegas Transfer constitutes a transfer within the meaning of 11 U.S.C. §101(54).

39. The 5550 Las Vegas Transfer to Plise was made with the actual intent to hinder, delay or defraud the Debtor's creditors.

40. Plise received less than a reasonably equivalent value in exchange for the 5550 Las Vegas Transfer.

41. The Debtor and 5550 Las Vegas were insolvent on the date the 5550 Las Vegas Transfer was made, or became insolvent as a result of such transfer.

42. The 5550 Las Vegas Transfer was made within two years of the bringing of this cause of action.

43. It has been necessary for Plaintiff to retain counsel to bring this action and Plaintiff is entitled to legal fees and costs. In addition, upon information and belief, creditors

have incurred legal fees and costs in assistance with the trustee's efforts, and, to the extent that these fees and costs are awarded an administrative priority, Plaintiff is entitled to these fees and costs from all defendants.

44.     Plaintiff believes that the Defendants have engaged in additional fraudulent transfers and reserves the right to supplement this Complaint to plead additional claims for relief.

## VII.   FOURTH CLAIM FOR RELIEF

**(Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. § 550 Against Plise)**

45.     Plaintiff incorporates and realleges paragraphs 1 through 44, as though fully set forth herein.

46.     The 5550 Las Vegas Transfer is an avoidable transfer pursuant to 11 U.S.C. § 544(b).

47.     Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided under section 544 of the Bankruptcy Code, Plaintiff is entitled to recover for the benefit of the estate, the property transferred, or the value of the property transferred from the initial transferee of such transfer, or the entity for whose benefit the transfer was made.

48.     Plise was the initial transferee of the 5550 Las Vegas Transfer.

49.     Plise is not a bona fide transferee that took for value, in good faith, and without knowledge of the voidability of the transfers, or the immediate or mediate good faith transferees of such transferees.

50.     Plaintiff is entitled to recover for the benefit of the estate the 5550 Las Vegas Transfer.

51.     It has been necessary for Plaintiff to retain counsel to bring this action and Plaintiff is entitled to legal fees and costs.  In addition, upon information and belief, creditors have incurred legal fees and costs in assistance with the trustee's efforts, and, to the extent that these fees and costs are awarded an administrative priority, Plaintiff is entitled to these fees and costs from all defendants.

…

09648-01.006/1037937

-7-

52.    Plaintiff believes that the Defendants have engaged in additional fraudulent transfers and reserves the right to supplement this Complaint to plead additional claims for relief.

## VIII.    FIFTH CLAIM FOR RELIEF

### (Turnover of Estate Property Pursuant to 11 U.S.C. § 542 Against Plise)

53.    Plaintiff incorporates and realleges paragraphs 1 through 52, as though fully set forth herein.

54.    The Defendants are in possession, custody, or control or property of the bankruptcy estate that Plaintiff may use, sell, or lease under 11 U.S.C. § 363.

55.    Plaintiff seeks an order requiring the Defendants to turnover the 5550 Las Vegas Transfer to the bankruptcy estate pursuant to 11 U.S.C. § 542.

WHEREFORE, Plaintiff prays for relief as follows:

1.    With respect to the first claim for relief, Plaintiff respectfully requests a judgment against the Debtor for determination that 5550 Las Vegas is the alter ego of the Debtor and that the property and assets of 5550 Las Vegas should be considered property of the Debtor's bankruptcy estate under 11 U.S.C. § 541.

2.    With respect to the second claim for relief, Plaintiff respectfully requests that the Court avoid and recover for the estate the 5550 Las Vegas Transfer as a fraudulent transfer pursuant to 11 U.S.C. § 544(b).

3.    With respect to the third claim for relief, Plaintiff respectfully requests that the Court avoid and recover for the estate the 5550 Las Vegas Transfer as a fraudulent transfer pursuant to 11 U.S.C. § 548.

4.    With respect to the fourth claim for relief, Plaintiff respectfully requests that the Court avoid and recover for the estate the 5550 Las Vegas Transfer pursuant to 11 U.S.C. § 550.

5.    With respect to the fifth claim for relief, Plaintiff respectfully requests that the Court order Plise to turnover to the bankruptcy estate the 5550 Las Vegas Transfer pursuant to 11 U.S.C. § 542.

…

09648-01.006/1037937

6.    For attorneys' fees and costs of suit in an amount to be determined in this Adversary Proceeding.

7.    For such other relief as this Court may deem just and proper.

DATED this 14th day of March 2013.

COTTON, DRIGGS, WALCH,
HOLLEY, WOLOSON & THOMPSON

/s/ Victoria L. Nelson
Victoria L. Nelson, Esq. (NV Bar No. 5436)
Email: vnelson@nevadafirm.com
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email:  jhoumand@nevadafirm.com
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:702/791-0308
Facsimile: 702/791-1912

Attorneys for Shelley D. Krohn, Chapter 7
Trustee

09648-01.006/1037937